# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) Cr. No. 6-222 |
| --- | --- |
|  | ) Cv. No. 10-691 |
| v. | ) |
|  | ) |
| LACEY E. TILLEY, JR. | ) |

## OPINION AND ORDER

### SYNOPSIS

In this criminal matter, Defendant was convicted by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Before the Court is Defendant's Motion pursuant to 28 U.S.C. § 2255, based on ineffective assistance of counsel, and various allegations of unfairness during trial. For the following reasons, the Motion will be denied, and no certificate of appealability shall issue.

### OPINION

## I. APPLICABLE STANDARDS

### A. Section 2255

Because Defendant expresses concerns about unintentional technical errors in his submissions, I note from the outset that a pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L.. Ed. 2d 652 (1972). Thus, a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). I assure Defendant that I consider his Motion according to these standards. I also assure Defendant that pro se litigants are not uncommon, and pose no particular difficulty to

the Court. Their positions are evaluated with the same neutrality -- but greater flexibility, as dictated by applicable standards -- as those taken by attorneys.

A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v.Ritter, 93 Fed. Appx. 402, 2004 U.S. App. Lexis 5692, at *4 (3d Cir. 2004). Under that standard, a hearing is unnecessary in this case, and I will dispose of the Motion on the record.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L.. Ed. 2d 417 (1962). Moreover, "[c]onclusory allegations are insufficient to obtain § 2255 relief." Infante-Cabrera v. United States, No. 6-205, 1-1150, 2008 U.S. Dist. LEXIS 26280, at *16 (W.D. Tex. Feb. 25, 2008). Because Defendant seeks to have this Motion transferred to Judge Conti, who is currently presiding over other matters involving Defendant, I note that habeas petitions are properly brought before the sentencing judge. See, e.g., Garcia v. Beeler 1998 U.S. Dist. LEXIS 23633, at * (D.N.J. July 20, 1998). Thus, such a transfer would be inappropriate.

### B. Ineffective Assistance of Counsel[1]

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). "It is... only the rare claim of ineffectiveness of counsel that should

---

[1] Defendant was initially represented by Vincent Baginski. Prior to trial, counsel withdrew based on differences and disagreements regarding counsel's representation. Then, Defendant was represented by Stephen Capone, until he requested to proceed pro se early in the trial. Mr. Capone remained as standby counsel. Subsequently, the Court appointed Chris Rand Eyster to represent Defendant.

2

succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989). Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. Strickland, 466 U.S. at 689. In this analysis, the court cannot take on the role of "Monday morning quarterback." Harris v. Reed, 894 F.2d 871, 877 (7th Cir. 1990).

Under applicable standards, Defendant must meet a two-pronged test: "(1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's error, the result would have been different." Rolan v. Vaughn, 445 F.3d 671, 681 (3d Cir. 2006). These standards apply to both appellate and trial counsel. Lusick v. Palakovich, 270 Fed. Appx. 108, 110 (3d Cir. 2008).

To meet the first prong, a defendant must first show that counsel's performance fell below "the wide range of professionally competent assistance." Strickland, 466 U.S. at 687. Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Id. at 689. To meet the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Strickland, 466 U.S. at 695; see also United States v. Gray, 878 F.2d 702, 709-13 (3d Cir. 1989). Speculation as to "whether a different . . . strategy might have been more successful" is not enough. Lockhart v. Fretwell, 506 U.S. 364, 113 S. Ct. 838, 843-44, 122 L. Ed. 2d 180 (1993). The prejudice prong of Strickland rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Id. at 844. Speculation and conjecture are insufficient to establish prejudice. See Infante-Cabrera, 2008 U.S. Dist. LEXIS 26280, at *16.

3

A court need not evaluate both prongs of Strickland; if a claim fails either prong, it cannot succeed. Strickland, 466 U.S. at 697.

As regards appellate counsel specifically, it is sufficient for him to have raised those claims which he reasonably believed had the best chance of succeeding, even if other possible claims existed. See Sistrunk v. Vaughn, 96 F. 3d 666, 670 (3d Cir. 1996). Counsel is required to exercise professional judgment with respect to an appeal. Id.

Our Court of Appeals has summarized the appropriate inquiry as follows:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

Virgin Islands v. Weatherwax, 77 F.3d 1425, 1431 (3d Cir. 1996).

## II. DEFENDANT'S MOTION[2]

### A. Conditions of Confinement

First, I address Defendant's contentions challenging a range of conditions of his pre-trial confinement, such as access to paper, postage, and the like, access to showers and other means of personal care and hygiene, access to medical treatment, and his placement in solitary

---

[2] In his supplemental submission, Defendant raises several arguments for the first time. Although I have considered these issues, and refer to several of them in the body of the Opinion, I note that they may be rejected on grounds that the supplement constitutes a prohibited second or successive petition. See 28 U.S.C. § 2255(h). Additionally, such a petition must be filed within one year of the date on which Defendant's conviction became final. Id. Defendant cannot add a completely new theory of relief or a new claim after the one-year limitations period has expired. United States v. Duffus, 174 F.3d 333, 336 (3d Cir. 1999); see also Mayle v. Felix, 545 U.S. 644, 656, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). Several of Defendant's arguments constitute new claims, not raised in his initial habeas motion, and therefore do not "relate back" to the initial motion. In addition to constituting an impermissible second motion, therefore, such claims were filed outside of the limitations period.

4

confinement.[3] Claims relating to conditions of confinement are not properly raised in a Section 2255 proceeding. Dominguez v. United States, No. 8-300, 2008 U.S. Dist. LEXIS 56720, at **13-14 (D.N.J. July 17, 2008). Similarly, a challenge to temporary solitary confinement does not state a cognizable habeas claim. Hay v. Dretke, No. 6-391, 2006 U.S. Dist. LEXIS 15152, at *5-6 (S.D. Tex. Mar. 16, 2006). In addition, in this case, Defendant contends that the deprivations are the subject of a civil action in this Court, pending at docket No. 9-299. Therefore, I cannot now consider his claims.[4]

Furthermore, many of these claims have been procedurally waived. A Section 2255 Motion is not a substitute for appellate review. Thus, any issues not raised on direct review are procedurally defaulted, unless Defendant can show valid cause for the default, and prejudice resulting from the default. United States v. Frady, 456 U.S. 152, 168, 102 S.Ct. 1584, 71 L Ed. 2d 816 (1982). In order to do this, he must show "actual prejudice," which refers to errors that "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Dickens v. United States, No. 3-3953, 2005 U.S. Dist. LEXIS 36432 (D.N.J. Dec. 27, 2005). Ineffective assistance of counsel constitutes cause for a default. Hodge v. United States, 554 F.3d 372, 379 (3d Cir. 2009). In this case, however, Defendant does not attribute the alleged deprivations to counsel. Instead, he states that "[t]he deprivations with respect to medical needs and the volly [sic] of deprivations that stemmed from it are… judicial errors…." Defendant does not assert cause for failure to raise these issues on appeal.

---

[3] Defendant's allegations regarding his need for medical treatment do not demonstrate prejudice, because he does not explain how his medical condition detrimentally affected the trial or his performance at trial. Moreover, I note that he does not aver that he was diagnosed or treated in any way after a nurse found blood in his urine at some point after his conviction.

[4] Further, under the Prison Litigation Reform Act, a prisoner must exhaust his administrative remedies before filing a § 1983 action regarding his confinement. See 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). Defendant does not assert that he has availed himself of any administrative remedies regarding his complaints.

To the extent that he attributes these failures to trial or appellate counsel, and thus seeks to establish "cause" on those grounds, he cannot meet the requirements of Strickland. Defendant has not demonstrated that his physical condition, or the other challenged conditions of confinement, interfered in any significant respect with the presentation of his defense. As regards the denial of personal hygiene opportunities, "regardless of the merits of Defendant's claim that this denial was error and rose to Constitutional dimensions, the prejudice arising therefrom to the Defendant, if any, was harmless error beyond a doubt." United States v. Casey, 540 F. 2d 811, 817 (5th Cir. 1976). Similarly, although he avers that he was in pain at the time, the record reflects that Defendant competently mounted his own defense.

Although he alleges that he was "deprived of legal materials," Defendant does not specify which materials he lacked, and how this deficiency impacted his defense. This Court had ample opportunity to observe Defendant at trial, and his performance raised no unusual doubt about his fitness or ability to continue. In other words, Defendant has not demonstrated a reasonable probability that absent the challenged events, the outcome would have been different. The possibility of a different outcome based on any of Defendant's allegations regarding the conditions of his detention, or the effects of his confinement on his physical condition, is overtly speculative. Accordingly, were I to consider his challenges, Defendant has not established that these events caused prejudice, as contemplated by Strickland.

**B. Standby Counsel**

Next, I address Defendant's suggestions that his counsel, after being appointed to act in a standby role, was ineffective. Defendant requested to proceed pro se on the second day of trial. "A defendant who chooses to represent himself and has the assistance of court appointed standby counsel cannot succeed in establishing ineffective assistance against such counsel when it is

6

clear that the defendant maintained control of his defense." Lee v. Hines, 125 Fed. Appx. 215, 217 (10th Cir. 2004); see also United States v. Morrison, 153 F.3d 34, 64-65 (2d Cir. 1998). Several courts have held that, because there is no constitutional right to standby counsel, ineffective assistance of standby counsel does not constitute grounds for attacking a conviction or sentence. See United States v. Foster, No. 98-2337, 2000 U.S. App. LEXIS 25397 (8th Cir. Oct. 12, 2000).[5] This approach makes eminent sense. Ineffective counsel undermines a conviction and sentence solely because it violates the Sixth Amendment's guarantee of counsel. Absent a pertinent constitutional guarantee, a person's conduct has no constitutional dimension.

On appeal in this matter, the United States Court of Appeals for the Third Circuit observed that "Tilley had no constitutional right to standby counsel…Having decided to proceed pro se, Tilley cannot now 'complain that the quality of his own defense amounted to a denial of ineffective assistance of counsel.'" United States v. Tilley, 326 Fed. Appx. 96, 97 (3d Cir. 2009). In this case, the record is clear that Defendant maintained control of his defense, from the time that he was permitted to proceed pro se. Indeed, before granting his request to proceed pro se, I clearly explained the role of standby counsel, and Defendant indicated that he understood that role.[6] Thus, Defendant cannot maintain any claim relating to the effectiveness of standby counsel.

---

[5] Others have left the issue undecided. United States v. Cottrell, No. 8-30443, 367 Fed. Appx. 743 (9th Cir. Feb. 4, 2010).

[6] Court: Do you understand that if you represent yourself, you are on your own, other than maybe asking Mr. Capone for some advice. I will not tell you or even advise you as to how you should try your case. Do you understand that?

Defendant: Yes, Judge.
***

Defendant: …If Mr. Capone serves as backup counsel, can he be provided the latitude by me to raise objections?

Court: No. No. He can advise you, but you will be representing yourself. He can tell you to object if he thinks it's appropriate, but you will represent yourself. He is going to be simply what you say you

7

**C. Plea Discussions**

Next, Defendant raises concerns about several events that appear to have occurred while he was represented by counsel. These concerns are properly addressed under Strickland. In particular, Defendant contends that he inquired to his lawyer about a guilty plea, and this inquiry was never discussed with the Government. He maintains that, in this way, counsel caused the matter to result in trial, rather than a plea. In contrast, he also asserts that the Government and defense counsel both suggested that he would be subject to a Section 851 information, apparently in an effort to persuade him to plead guilty. The Government, in turn, avers that it made clear to Defendant that it would not enter into a plea agreement with respect to the gun charge at issue in this matter; the Government contends that a plea offer would have been "summarily rejected." In addition, other than decaying Defendant's trust in his counsel, it is unclear what prejudicial effect is alleged to have stemmed from the parties' conversation about Section 851; because Defendant proffers no details regarding his inquiry, and cannot establish that the Government would have entered into a plea, counsel's conduct cannot have prejudiced Defendant.

**D. Bob Gregorek**

Next, because it implicates the fundamental fairness of Defendant's trial, I separately address Defendant's allegations that he intended to call witness Bob Gregorek, but that "federal representatives" contacted Mr. Gregorek, and threatened him with prosecution if he were to

---

| | want him to be. If you want to represent yourself, you're going to be on your own. I'm not going to have him leave, I'm going to have him stay there, and I'm going to have him there to advise you, but he isn't going to be doing some of the questioning and you doing some of it, that isn't how it's going to work. |
|---|---|
| *** | |
| | [O]f course, he would not question you if he is not representing you if you took the stand and he would not enter objections if he is not representing you, but, he would be there to advise you. So, I can clarify or explain anything further, if you want me to. |
| Defendant: | I guess that's all I need. |

testify on Defendant's behalf. "A criminal defendant has a constitutional right to 'present his own witnesses to establish a defense.'" Washington v. Texas, 388 U.S. 14, 19, 87 S. Ct. 1920, 18 L. Ed. 2d 1019 (1967)). "Threats against witnesses are intolerable. Substantial government interference with a defense witness' free and unhampered choice to testify violates due process rights of the defendant." United States v. Goodwin, 625 F.2d 693, 703 (5th Cir. 1980) (citations omitted). In this case, however, although explicitly afforded more than one opportunity to do so, Defendant presents no affidavit or other evidence indicating "[that the witness'] decision not to testify resulted from fear of retaliation by government agents. Such conclusory allegations unsupported by facts may be denied as meritless without holding an evidentiary hearing." Densmore v. United States, 543 F. Supp. 2d 1359, 1366 (S.D. Ga. 2008).

Indeed, Defendant's supplemental brief suggests that Gregorek's failure to testify was not the result of external threats, but because Gregorek was aware that his testimony might suggest that he had violated the terms of his pretrial release and probation for charges unrelated to those against Defendant. Defendant suggests, too, that counsel was ineffective for failing to investigate the witness' situation. Defendant asserts, however, that the witness visited Defendant at the County Jail and confirmed his intention to testify. Thus, at least at the time that Defendant was still represented by counsel, there appears to have been no known reason to investigate. Defendant also suggests that Mr. Gregorek should have been immunized. I advised him, however, at the time he decided to proceed pro se, the mechanics of obtaining a grant of immunity.[7] In any event, the court is reluctant to engage in second guessing of counsel's strategic decisions or case preparation.

---

[7] In response to Defendant's request regarding immunity for another witness, I stated, "Well, you would have to move for a grant of immunity and you would have to tell me specifically what the particulars of that grant would be. You're the person who has to move for the immunity. I know [the witness] has a lawyer here, but he has no standing to do that."

9

### E. Miscellaneous contentions

Finally, Defendant raises several miscellaneous allegations that relate, at their essence, to trial counsel's strategy and preparedness prior to being consigned to standby status.[8] Several of these are raised, for the first time, in his supplemental brief, and may be rejected on those grounds.[9] Defendant contends that his attorneys were underprepared, and had not contacted many witnesses; he also suggests that the attorney failed to ask "various agreed upon questions." Counsel's decisions regarding calling or questioning witnesses are "precisely the sort of strategic trial decision[s] that Strickland protects from second-guessing." Henderson v. DiGuglielmo, 138 Fed. Appx. 463, 469 (3d Cir. 2005). "The defense attorney has no obligation to call, or even to interview, a witness whose testimony would not have exculpated [Defendant] …Thus, the burden is on [Defendant] to show a 'reasonable probability that he would have been acquitted had [the witnesses] testified either alone or in conjunction with [Defendant].'" United States v. Walker, No. 94-488, 2000 U.S. Dist. LEXIS 4774, at \*\*12-13 (E.D. Pa. Apr. 4, 2000) (citations omitted). A court "should allow a wide range of latitude for counsel's tactical and strategic decisions." DeJesus v. United States, No. 05-939, 2005 U.S. Dist. LEXIS 34220, at \*8 (D.N.J. July 15, 2005). There is no evidence that counsel's approach to the testimonial and other evidence at trial was patently unreasonable, and Defendant has not demonstrated the required prejudice as a result of that approach. Instead, I have reviewed the trial transcript, and find that counsel's approach to the evidence, prior to Plaintiff's decision to proceed pro se, was reasonable.

---

[8] He avers, too, that his first attorney was threatened with allegations of impropriety by a U.S. Postal Inspector. Defendant also charges impropriety in the Government's strategy regarding the chronology of charges against him. However, he raises no concrete instances that would render that strategy constitutionally infirm, and no evidence of the alleged threats or their effect on counsel.

[9] By Order dated November 4, 2010, I provided Defendant with an additional opportunity to expound on his allegations regarding his medical condition during trial, and the circumstances surrounding Mr. Gregorek. The Order thus was limited, and did not grant permission to raise the wide range of new allegations encompassed by Defendant's supplemental filing.

**III. CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." In this case, for the reasons stated in the foregoing Opinion, Defendant has not made the required showing. Therefore, a certificate of appealability will not issue in any respect, regarding the issues decided herein.

**CONCLUSION**

Defendant's frustration is palpable, and I do not intend to minimize the severity or significance of his concerns. They are, however, either inappropriately raised or documented, such that he has failed to show entitlement to the extraordinary relief available under Section 2255. As discussed above, Section 2255 cannot guarantee a remedy to all of the various problems that might befall a criminal defendant; it can only address complete or fundamental miscarriages of justice that bear on the fact or length of his sentence. In this case, Defendant has not demonstrated such a miscarriage of justice. An appropriate Order follows.

**ORDER**

AND NOW, this 17th day of February, 2011, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion (Docket No. [138]) is DENIED. No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, United States District Court